UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD N. BRYANT, #249502,

       Plaintiff,

v.                                CASE NO. 2:10-CV-10780
                                HONORABLE ARTHUR J. TARNOW

KAREN PLANTS, et al.,

       Defendants.
_____/

## OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH

### I. Introduction

Gerald N. Bryant ("Plaintiff"), a Michigan prisoner, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff challenges his criminal proceedings in the Wayne County Circuit Court and names prosecutor Karen Plants and police sergeant Thelma Maynard as the defendants in this action. He seeks release from prison, exoneration, monetary damages, and discipline for the defendants. Having reviewed the complaint, the Court dismisses it as frivolous/for failure to state a claim upon which relief may be granted and on the basis of immunity. The Court also concludes that an appeal cannot be taken in good faith.

### II. Discussion

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before

1

service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal.

Plaintiff's complaint is subject to dismissal because he challenges his criminal proceedings and related imprisonment – which fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of his continued confinement. *See Heck v. Humphrey*, 512 U.S. 477,

2

486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). If Plaintiff were to prevail on his claims, the validity of his convictions and sentence and/or his continued confinement would be called into question. Accordingly, such claims are barred by *Heck* and must be dismissed.

Additionally, defendant prosecutor Plants is absolutely immune from suit to the extent that Plaintiff challenges her conduct in bringing or prosecuting the criminal charges against him. It is well-established that prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002); *see also Van de Kamp v. Goldstein*, _ U.S. _, 129 S. Ct. 855, 861 (2009). This immunity extends to a

prosecutor's decision to file a criminal complaint. *See, e.g., Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997). Absolute prosecutorial immunity exists even when a prosecutor acts wrongfully or maliciously. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (prosecutor absolutely immune from suit for deciding to investigate and allegedly conspiring to present false charges to the grand jury). Defendant Plants is entitled to absolute prosecutorial immunity on any claim for damages based upon her actions as an advocate for the State in Plaintiff's criminal proceedings.

### III. Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and that defendant Plants is entitled to absolute immunity. Accordingly, the Court **DISMISSES** Plaintiff's civil rights complaint. The Court also concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: February 26, 2010

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on February 26, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary